**Nelson Alexander BARILLAS–PINTO, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 03–74205.

Agency No. A70–910–242.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Jan. 13, 2005.

Julia L. Osborne, Las Vegas, NV, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel Department of Homeland Security, San Francisco, CA, David V. Bernal, Attorney, Jamie M. Dowd, DOJ–U.S. Department of

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before GOODWIN, ALARCÓN, and TROTT, Circuit Judges.

MEMORANDUM **

Nelson Alexander Barillas–Pinto, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of his applications for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review denial of asylum for substantial evidence. *Camposeco-Montejo v. Ashcroft*, 384 F.3d 814, 818 (9th Cir.2004). The denial must be upheld unless the applicant can show that "the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias–Zacarias*, 502 U.S. 478, 483–84, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

█ Substantial evidence supports the IJ's decision. The IJ found Mr. Barillas–Pinto's testimony not credible. "While accorded deference, a credibility determination 'must be supported by a specific, cogent reason.'" *Li v. United States*, 378 F.3d 959, 962 (9th Cir.2004) (quoting *De Leon–Barrios v. INS*, 116 F.3d 391, 393 (9th Cir.1997)). Mr. Barillas–Pinto's testimony was inconsistent. He presented two asylum applications with completely different stories of his experiences in Guatemala. He presented no evidence to corroborate his explanation of why there were differing accounts.

█ Substantial evidence also supports the IJ's determinations that Mr. Barillas–

Pinto does not have a reasonable fear of persecution and was not persecuted on account of an enumerated ground. *See Prasad v. INS*, 47 F.3d 336, 340 (9th Cir. 1995) (concluding that harassment, detention, and a beating were insufficient to establish past persecution). There is no evidence that Mr. Barillas–Pinto was harmed while he lived in Guatemala. Additionally, Mr. Barillas–Pinto failed to establish that his fear of persecution was "on account of" an enumerated category. *See Sangha v. INS*, 103 F.3d 1482, 1489–90 (9th Cir.1997) (evidence of familial involvement in politics insufficient to establish persecution "on account of" political opinion without additional evidence).

Mr. Barillas–Pinto's claim for asylum for humanitarian reasons is also denied. Asylum for humanitarian reasons has been reserved for cases where the petitioner has suffered "atrocious forms of persecution." *Kebede v. Ashcroft*, 366 F.3d 808, 812 (9th Cir.2004) (quoting *Lopez–Galarza v. INS*, 99 F.3d 954, 960–61 (9th Cir.1996)). As described above, Mr. Barillas–Pinto failed to establish any form of past persecution.

Because Mr. Barillas–Pinto failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard for withholding of removal. *See Fisher v. INS*, 79 F.3d 955, 964 (9th Cir. 1996) (en banc).

As Mr. Barillas–Pinto's motions for stay of removal and stay of voluntary departure have already been granted on May 24, 2004, it is unnecessary for the court to address those issues at this time.

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.